IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| MICHAEL WALKER | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | NO. 09-532 |
| BIG BURGER RESTAURANTS, INC. | : | |


MEMORANDUM AND ORDER

JACOB P. HART					DATE:	February 2, 2010
UNITED STATES MAGISTRATE JUDGE

      This is a negligence action filed by Plaintiff Michael Walker against Defendant Big Burger Restaurants, Inc, d/b/a Cheeburger Cheeburger.  Plaintiff, who was employed by Sysco Foods, was delivering food to Defendant on September 6, 2007, when he allegedly slipped and fell, re-injuring his right shoulder.  Plaintiff had a prior work related injury to his shoulder which was sustained on December 29, 2006.  As a result of the December 29, 2006 injury, Plaintiff filed a claim with the Workers' Compensation Office against his employer Sysco Foods and Zurich American Insurance Company.  Plaintiff entered into a Compromise and Release Agreement with Sysco Foods.  On July 14, 2009, he was awarded one hundred thousand dollars in exchange for discharging Sysco Foods "from any and all liability arising under the Pennsylvania Workers' Compensation Act relative to the December 29, 2006 injury as well as any and all re-injuries arising therefrom regardless of whether they are presently known or unknown and whether they have been officially recognized with the Bureau of Workers' Compensation."  As a part of this

compromise and settlement, Sysco Foods agreed to assign to Plaintiff its right to subrogation and/or reimbursement for wage loss and medical expenses in connection with any action that Plaintiff may have or may bring against a third party regarding the injury which is the subject of this claim.[1]" The assignment pertained only to wage loss benefits and medical benefits provided after the September 6, 2007 re-injury, which is the subject of this action. The amount of the lien, which Sysco Foods forfeited, was one hundred and three thousand, six hundred and eighty eight dollars ($103,688).

Currently pending are two motions in limine. Defendant has filed a Motion in Limine seeking to preclude Plaintiff from presenting any testimony or evidence of his medical expenses and lost wages at trial and Plaintiff has filed opposition to that motion. Plaintiff has also filed a Motion in Limine seeking to preclude Defendant from introducing testimony, evidence or arguments concerning Plaintiff's workers' compensation claim or receipt of workers' compensation benefits. Defendant has replied to Plaintiff's motion indicating that it does not

---

[1] The Agreement provides as follows:

...Now therefore it is acknowledged by Defendant that, for an[d] in consideration of claimant's agreement to settle the aforementioned workers' compensation claim in its entirety, defendant agrees to pay claimant cash in the amount of $100,000, and in addition, defendant agrees to assign claimant its right of subrogation and/or reimbursement for wage loss and medical expenses in connection with any action that claimant may have or may bring against a third party regarding the injury which is the subject of this claim. Such assignment shall not inhibit or prevent claimant from seeking the full amount of medical damages or wage loss from the third party tortfeasor.
Further, it is understood that, by this agreement, defendant does not intend to release or discharge its claim, but rather, to transfer to claimant its right to subrogation or reimbursement against any award or settlement in favor of the claimant in a third party action. Therefore, if claimant makes any recovery for his medical expenses and/or wage loss in any action or settlement against a third party concerning his work related injury, defendant agrees that claimant is entitled to the full amount of recovery, including amounts designated as damages for medical care and treatment or wage loss, by virtue of this assignment or rights. If it should be determined that this assignment is invalid or void, then defendant waives its right of subrogation and/or reimbursement...

Compromise and Release Agreement at p. 2.

intend to present any testimony or evidence to the jury, but still asking that the motion be denied. For the reasons which follow, this Court will deny Defendant's motion and grant Plaintiff's motion.

DISCUSSION

Defendant seeks to preclude Plaintiff from presenting any testimony or evidence at trial of his medical expenses and lost wages. Defendant argues that because Plaintiff received workers' compensation benefits from his employer, he should not be entitled to recover for medical expenses and lost wages at trial in the event it is found to be liable.

In Pennsylvania, a Workers' Compensation Insurance carrier automatically receives a subrogation lien against any potential tort recovery from a third party. "The Workers' Compensation Act provides an absolute right of subrogation, and its purpose is threefold: it prevents double recovery by the claimant for the same injury, it ensures that an employer is not required to pay for the negligence of a third party, and it prevents a third party from escaping liability for his wrongful conduct." Gillette v. Wurst, 937 A.2d 430, 436 (Pa. 2007) (citing Brubacher Excavating, Inc. v. WCAB (Bridges), 835 A.2d 1273, 1277 (Pa 2003)).

Here, the Workers' Compensation carrier has assigned its right to subrogation to Plaintiff as part of the compromise between them. Defendant argues that recovery for medical expenses and lost wages at trial would not be "compensatory damages" because Plaintiff has already received workers' compensation benefits and has already been made whole. Defendant argues that the assignment of the subrogation lien to Plaintiff should not be permitted because it would allow Plaintiff to recover twice. We disagree.

3

Plaintiff contracted with Sysco Foods and received an assignment of its subrogation lien. In essence, Defendant appears to be asking the court to void the assignment as being against public policy. However, although one of the purposes of the right to subrogation is to prevent double recovery to a plaintiff, the other purposes are to prevent a third party from escaping liability for wrongful conduct and to ensure that the employer does not pay for a third party's negligence. Here, Sysco willingly gave up its right to be reimbursed by a third party by assigning the subrogation lien to Plaintiff in exchange for a release of liability. In the event that the jury would award damages to Plaintiff for medical expenses and lost wages, it will not cost Defendant any more as a result of this assignment. There is no reason for Defendant, who was not a party to the agreement, to benefit from the contractual arrangement between Sysco Foods and Plaintiff. By asking this court to preclude evidence of lost wages and medical expenses so that Plaintiff will not recover twice[2], Defendant is essentially asking the Court to give it a windfall of avoiding potential liability for such damages. This court will not void the contract assigning the subrogation lien to Plaintiff as being against public policy. By granting defendant's motion, we would be allowing Defendant to potentially escape liability for wrongful action, which would also be in direct conflict with the policy behind the right to subrogation and the collateral source rule.

Although neither party cited any cases on point and this court was unable to find any controlling authority, we agree with the court's findings in Foster v. Langston, 170 S.W.2d 250 (Tex. Ct. App. 1943). In that case the court held that there was no reason why the parties could

---

[2] It is entirely possible that Plaintiff gave up something in exchange for getting the subrogation lien assigned to him, so he may not, in fact, be seeking a double recovery.

not change the right of subrogation by contract. The court held that the right to subrogation is property or a chose in action, which is subject to sale or assignment. In that case, just as it would be here, "[t]he fact that the recovery was divided did not cause the defendant to pay one cent more than they would have otherwise been required to pay." Id. at 251. We follow this reasoning and will allow the trial to proceed as if the subrogation lien was still in place. We are not persuaded by Defendant's argument that the damages awarded would be punitive rather than compensatory, because the Plaintiff has already received payment. See Feeley v. U.S., 337 F.2d 924, 926 (3d Cir. 1964) (holding that "[w]hile it is well established that a plaintiff's recovery under the ordinary negligence rule is limited to damages which will make him whole, the collateral source rule allows a plaintiff further recovery under certain circumstances even though he has suffered no loss"). "Under the collateral source rule a 'plaintiff who has been paid his salary or a pension during disability, or had his medical expenses paid by another, or out of the proceeds of an accident insurance policy, may still recover full damages for these items from a defendant who is liable for the injury." Id. at 927. Accordingly, we will deny Defendant's motion and will allow Plaintiff to present evidence of his lost wages and medical damages.

Plaintiff does not intend to present any evidence regarding the lien or his receipt of workers' compensation benefits and seeks to preclude Defendant from introducing such evidence. Plaintiff asserts that pursuant to Federal Rule of Evidence 403, such evidence should be excluded as its probative value is outweighed by the danger of unfair prejudice.

After considering the issue, we find that just as is ordinarily the case (when the subrogation lien remains with the carrier), the issue of the subrogation lien and Plaintiff's receipt of workers' compensation benefits will not be presented to the jury in this case. Under

Pennsylvania law, payments from a "collateral source shall not diminish the damages otherwise recoverable from the wrongdoer." Ocasio v. Ollson, 596 F.Supp.2d 890, 904 (E.D. Pa. 2009) The collateral source rule "prohibits a defendant in a personal injury action from introducing evidence of the plaintiff's receipt of benefits from a collateral source for the same injuries which are alleged to have been caused by the defendant." Collins v. Cement Express, Inc., 447 A.2d 987, 988 (Pa. Super. 1982); Simmons v. Cobb, 906 A.2d 582, 585 (Pa. Super. 2006). It "may be described as 'the judicial refusal to credit to the benefit of the wrongdoer money or services received in reparation of the injury caused which emanate from sources other than the wrongdoer.'" Feeley v. U.S., 337 F.2d at 927. This rule "was intended to avoid precluding a claimant from obtaining redress for his or her injury merely because coverage for the injury was provided by some collateral source, e.g. insurance." Denardo v. Carneval, 444 A.2d 135, 140 (Pa. Super. 1982). This rule is "intended to prevent a wrongdoer from taking advantage of the fortuitous existence of a collateral remedy." Beechwoods Flying Service, Inc. v. Al Hamilton Contracting Corp., 476 A.2d 350, 353 (Pa. 1984). Furthermore, "[a]pplication of the collateral source rule is not dependant on the existence of subrogation." Dillow v. Myers, 2003 WL 23507498, Civ A. No. 00-2100 (Pa. Com. Pl October 23, 2003); see also, Palmosina v. Laidlaw Transit Company Inc., 664 A.2d 1038 (Pa Super. 1995) (holding that absent express legislation to the contrary, the legislature's elimination of the workers' compensation carrier's right of subrogation did not by itself preclude an employee's recovery of lost wages and medical expenses paid by workers' compensation in third-party litigation). We agree with Plaintiff that any probative value of evidence regarding the assignment of the lien or workers' compensation benefits would be outweighed by the prejudicial effect such evidence could have. We will

therefore, grant Plaintiff's motion and will preclude Defendant from introducing testimony, evidence or arguments concerning Plaintiff's workers' compensation claim or receipt of workers' compensation benefits.

An appropriate Order follows: